**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1552**

HILDA L. SOLIS, Secretary of Labor, United States
Department of Labor,

             Plaintiff - Appellee,

      v.

WILLIAM PINDER, JR.,

             Defendant - Appellant,

      and

SEA ISLAND COMPREHENSIVE HEALTH CARE CORPORATION, 403(b)
Plan,

             Defendant.


Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, District Judge.
(2:03-cv-00653-DCN)


Submitted:  June 26, 2009            Decided:  July 9, 2009


Before TRAXLER, Chief Judge, and MOTZ and DUNCAN, Circuit
Judges.


Affirmed by unpublished per curiam opinion.


Charles Edward Houston, Jr., THE HOUSTON LAW FIRM, LLC, Hilton
Head Island, South Carolina, for Appellant.  Carol A. De Deo,

Deputy Solicitor, Timothy D. Hauser, Associate Solicitor, Nathaniel I. Spiller, Glenn M. Loos, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Pinder, Jr., appeals from the district court's order, following a bench trial, that he pay damages in the amount of $21,692.21 to the Secretary of Labor ("Secretary") for violating the Employee Retirement Income Security Act of 1974 ("ERISA"). The court also ordered Pinder to pay costs pursuant to Fed. R. Civ. P. 54(d)(1). The district court found Pinder liable for damages that he inflicted when he failed to properly remit Sea Island Comprehensive Health Care Corporation ("Sea Island") employee withholdings to an ERISA-protected pension plan ("Plan"). Rather, the undisputed evidence reveals that Pinder, as President and Chief Financial Officer, diverted those employee pension withholdings to the general operating accounts of Sea Island.

On appeal, Pinder raises five issues: (1) whether the district court erred by disallowing him to cross-examine the Secretary's witness regarding whether the action was barred by the statute of limitations; (2) whether the court erred in its finding that he was a fiduciary under ERISA; (3) whether the court erred by concluding that this court's opinion in Chao v. Malkani, 452 F.3d 290 (4th Cir. 2006), was controlling; (4) whether the district court erred in finding that the alleged losses to the Plan had not been returned to Plan participants; and (5) whether Pinder was protected by immunity from the

3

instant judgment by the bankruptcy court's reorganization order granting immunity to directors, officers, and employees of Sea Island.  For the reasons that follow, we affirm.

The first issue fails as the record reveals that Pinder was allowed, and did, cross-examine Department of Labor Investigator Isabel Colon regarding when the Department first became aware of Pinder's possible ERISA violations.  Pinder's remaining four issues fail for the reasons stated in the district court's post-trial order granting judgment for the Secretary.  Thus, we find that these issues fail on appeal and affirm for the reasons stated by the district court.  See Chao v. Pinder, No. 2:03-cv-00653-DCN (D.S.C. Mar. 25, 2008).  We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED